

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. 0-5077
Re: Is it permissible for the
Commissioners' Court to
accept United States Savings Bonds Series A, B, C
and D on a county depository pledge contract?

We acknowledge receipt of your letter requesting our opinion on the question above stated.

This department has previously ruled that United States Defense Bonds, Series F, are not eligible as security for deposit by mutual assessment companies operating under provisions of Senate Bill 135, Acts of Forty-sixth Legislature, Art. 5068-1, Vernon's Annotated Civil Statutes. See attached copy of our opinion No. O-4967.

We have also ruled that United States Defense Bonds, Series F and G, are not eligible as securities for deposit by insurance companies under Article 4759, Vernon's Annotated Civil Statutes. See attached copy of our opinion No. O-4054.

Section C, Article 2547, Vernon's Annotated Civil Statutes, reads in part as follows:

"(c) In lieu of such personal bonds or surety bonds as above specified, said banking corporation, association or individual banker so selected as county depository, may pledge and said depository bank is authorized to pledge with the

Hon. C. Woodrow Laughlin - Page 2

Commissioners Court for the purpose of securing
such county funds, securities of the following kind,
in an amount equal to the amount of such county
funds on deposit in said depository bank, towit:
bonds and notes of the United States, securities of
indebtedness of the United States, and other evi-
dences of indebtedness of the United States, when
said evidences of indebtedness are supported by the
full faith and credit of the United States of
America and other bonds or other evidences of in-
debtedness which are guaranteed as to both principal
and interest by the United States Government; . . .

"The condition of the personal bond or bonds,
or contract for securities pledged, as hereinabove
provided, shall be conditioned for the faithful per-
formance of all the duties and obligations devolving
by law upon such depository, and for the payment upon
presentation of all checks drawn upon any 'demand
deposit' account in any depository by the county
treasurer of the county and all checks drawn upon any
'time deposit' account upon presentation, after the
expiration of the period of notice required in the
case of 'time deposits,' and that said county funds
shall be faithfully kept by said depository and
accounted for according to law."

It is true, as pointed out in your letter, that
this law provides that bonds and notes of the United States are
acceptable under the pledge contract without any requirement as
to the negotiability of said bonds. However, United States War
Saving Bonds, Series A, B, C and D are registered in the name of
the person who buys them and they recite on their face that they
are non-transferable. These bonds, therefore, are not subject
to being pledged since the depository bank could not transfer
any of its rights in reference to them. It is true that physical
possession of these bonds could be delivered, but if a judgment
is recovered by the county on the pledge contract, these bonds
could not be sold in satisfaction of this judgment. The bonds
mentioned would not, in our opinion, be "securities" within
the meaning of the above quoted statute.

Hon. C. Woodrow Laughlin - Page 3

negative.    We, therefore, answer your question in the

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*
Fagan Dickson
Assistant

FD:BT

APPROVED FEB 12, 1943

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN